KRISTEN T. GALLAGHER (NSBN 9561)
AMANDA M. PERACH (NSBN 12399)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
kgallagher@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for A. O. Smith Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PROPERTY CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>vs.<br><br>A.O. SMITH CORPORATION, a Wisconsin corporation; DOES I-X, inclusive; ROE COMPANIES I-X, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-01678-JAD-CWH<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

The parties in this case are Property Casualty Insurance Company of Hartford ("Hartford") and a water heater manufacturer, A. O. Smith Corporation ("A.O. Smith") that wish to maintain the confidentiality of certain confidential business information that is not made available to the public, but may be required to produce during the course of this litigation. The parties are engaged in this litigation regarding A.O. Smith's manufacturing of a water heater that Hartford has alleged failed, causing damage to its insured's residence and personal property. The parties agree that the documents and information sought to be protected may qualify as trade secrets or are otherwise sensitive, privileged and/or non-public confidential commercial information that would justify sealing or redaction. Accordingly,

IT IS STIPULATED AND AGREED by and among defendant A. O. Smith Corporation ("A.O. Smith") and plaintiff Property Casualty Insurance Company of Hartford ("Hartford"), acting through their respective counsel, as follows:

1.      The parties anticipate that they may be required to produce documents, information, or evidence that relates to non-public financial or business information that a party alleges is proprietary or confidential. This Stipulated Confidentiality and Protective Order is designed to protect such information from public disclosure.

2.      Documents that are in the public domain, including but not limited to documents presented at trial or other court proceedings publicly and not under seal, may not be designated as "Confidential." This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document or any information included in such document.

3.      Any party or non-party from whom discovery has been sought (the "Producing Party") may designate as "Confidential" any document, testimony or other discovery material. "Confidential" as used herein shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained therein. "Confidential," as used herein shall mean any materials which, in the Producing Party's judgment, contain proprietary or sensitive business information. Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

4.      Material shall be designated as "Confidential" by placing or affixing a "CONFIDENTIAL" notice on such material. Any such notice which is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly. A cover letter can be used, if appropriate, to designate computerized data as "Confidential."

5.      Unless and until the Court rules that discovery designated as "Confidential" shall not be treated as "Confidential," persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

(a)     Named Parties;

(b)     Attorneys for Named Parties;

(c)     Persons employed by or working under the direction of attorneys for the named parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(d)     Independent experts or consultants retained by a party or an attorney of record for purposes of this litigation, as well as any employees, associates or independent contractors retained by those experts or consultant in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

(e)     Deponents;

(f)     Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(g)     The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, subject to the protections of any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

6.     Prior to dissemination of documents designated "Confidential," or the contents thereof, to a person described in paragraph (d) that person shall:

(a)     Be advised by counsel making such dissemination of the terms of this Stipulated Protective Order;

(b)     Read this Stipulated Protective Order; and

(c)     Sign a copy of the confidentiality agreement ("Confidentiality Agreement") attached hereto as "Appendix A," thereby becoming subject to this Stipulated Confidentiality and Protective Order.

Counsel for the party disseminating the information shall keep the original of each executed certificate.  A party may request the production of a signed Confidentiality Agreement upon a showing of good cause.  If the other party does not agree to produce a copy of the Confidentiality Agreement, the requesting party may file a motion with the court seeking production of the Confidentiality Agreement.

7. All "Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this case, and for no other purpose. Such information and documents, or the contents thereof, shall not be disclosed to anyone to whom access to such documents in not permitted under the terms herein.

8. All "Confidential" material shall be stored under the direct control of counsel for the parties, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Protective Order.

9. Each party is to make good faith efforts to avoid, unless deemed necessary, the inclusion of documents or information designated "Confidential" in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents or information as "Confidential."

10. Any party who seeks to make any document or information designated "Confidential" a part of the record, for any purpose other than a motion for summary judgment or other dispositive motion, shall file a motion with the Court seeking an order permitting the documents to be filed under seal. If the Court should deny any such motion, the parties shall use their best efforts in protecting the "Confidential" or information by redacting or taking other reasonable precautions to preserve the confidentiality of such documents or information.

11. Nevertheless, any portion of a non-dispositive brief, memorandum, or other document submitted to the Court and designated "Confidential" shall be filed under seal, unless otherwise ordered by the Court.

12. No documents which are filed with the court as attachments to a summary judgment or other dispositive motion, or documents which are identified in the joint pretrial order, may be filed under seal unless the proponent seeking protected status of the document(s) meets the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

13. Any motion to seal documents attached to a motion for summary judgment or other dispositive motion, or documents identified in the joint pretrial order, shall be served on opposing counsel. Opposing counsel shall have fifteen (15) days from service of any motion to seal

1 documents attached to a motion for summary judgment or other dispositive motion, or documents
2 identified in the joint pretrial order, in which to file a response.

3    14.   The materials filed under seal shall remain confidential until the parties are afforded
4 a reasonable opportunity to respond to any issues raised by the Court.

5    15.   If any party intends to offer into evidence or otherwise disclose any document or
6 information designated "Confidential" during the hearing of this matter, counsel for the proponent
7 shall give reasonable notice of such intention to the party that designated the document or
8 information as "Confidential," who may take such steps as are reasonable necessary and approved
9 by the Court to preserve the confidentiality of such document or information.

10    16.   This Stipulation and Protective Order shall remain in full force and effect until
11 modified, superseded, or terminated by consent of the parties or by order of the Court and shall
12 survive the termination of this action.

13    17.   Nothing herein shall impose any confidentiality obligation upon information which
14 (a) was in the public domain or (b) was obtained from a third party by the Producing Party without
15 any breach by either the third party or the Producing Party of any duty or obligation on its part, or
16 (c) already was in the possession of the party to which it was produced in the form in which it was
17 produced.

18    18.   The protection afforded by this Stipulated Confidentiality and Protective Order in no
19 way affects a party's or non-party's right to withhold documents as privileged under the attorney-
20 client privilege, work product immunity, or other privilege or immunity or as otherwise exempted
21 from discovery under Fed. R. Civ. P. 26. If a source inadvertently or mistakenly discloses
22 documents or materials protected by the attorney-client privilege, attorney work product or any
23 other privilege, the source shall promptly advise the receiving party of the disclosure and recall any
24 such inadvertently disclosed privileged documents or materials by making a request of the receiving
25 party for their return. Likewise, if a receiving party becomes aware that a source inadvertently or
26 mistakenly disclosed documents or materials protected by the attorney-client privilege, attorney
27 work product or any other privilege, the receiving party shall promptly advise the source of the
28 disclosure and return the documents or materials and any and all copies to the source. If the

receiving party fails to return such documents or materials, the source may move the Court for an Order compelling the return.  A source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly (in voice dialogue; other forms of communication are not sufficient) with counsel for the receiving party.  In conferring, the source must explain the basis for its belief that the disclosure was made in error and must give the receiving party an opportunity to reconsider the circumstances, and, if no change is position is offered, to explain the basis for that position.  A source may proceed to the next state of the challenge process only if it has engaged in this meet and confer process first.

19. Except as otherwise agreed in writing by the Producing Party, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, all material which has been designated as "Confidential" and which is still the subject of the protections afforded herein, and all copies thereof, produced by any party in this action or otherwise obtained from any party through discovery in this action shall be promptly returned to the Producing Party, or, at the option of the party receiving such Confidential material from the Producing party, destroyed, and, within 90 days after the final determination of the action, the party receiving such Confidential material shall provide a sworn certification to the Producing Party that all such Confidential material has been returned or destroyed; provided, however, that to the extent the Confidential material exists in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning Confidential material to the Producing Party but such retained information shall continue to be treated in accordance with this Order.  The Producing Party shall bear the return cost (whether via mail or courier) of information or documents designated "Confidential."  Each party producing material which has been designated as "Confidential" will retain one set of such materials produced by it for a period of at least two (2) years following the conclusion of this action and any appeals arising therefrom.  Thereafter, such Producing Party may dispose of such retained materials in the ordinary course of business as part of its routine document disposal procedure.  Notwithstanding the foregoing, counsel for the respective Parties may retain

one copy of the materials designated "Confidential" in his or her stored file for archival purposes, but may not use or disseminate such materials.

20. For the purposes of this Stipulated Confidentiality and Protective Order only, the parties and anyone signing a form of the Confidentiality Agreement attached hereto as Appendix A agree to be subject to the jurisdiction of the Court and to be bound by the terms of this Stipulated Confidentiality and Protective Order.

21. If any party believes certain information or documents require additional protection, the parties agree to meet and confer and attempt in good faith to establish such additional protection, such as an attorneys' eyes only designation. In the event the parties cannot reach an agreement, the Producing Party seeking such protection may seek further protection from the Court.

22. All objections as to admissibility into evidence of the documents or information designated "Confidential" and subject to this Stipulated Confidentiality and Protective Order are reserved until hearing in this case.

23. This Stipulated Confidentiality and Protective Order shall survive the final conclusion of this action, subject to the terms of this Stipulated Confidentiality and Protective Order and shall continue in full force and effect.

…

…

…

…

…

…

…

…

…

…

…

…

24. The parties may execute and acknowledge this Stipulated Confidentiality and Protective Order in multiple counterparts, and if executed in such manner, this Stipulated Protective Confidentiality and Order shall be valid and binding as if all parties had executed the same original.

DATED this 19th day of April, 2016.

McDONALD CARANO WILSON LLP

By: /s/ Kristen T. Gallagher
    Kristen T. Gallagher, Esq. (NSBN 9561)
    Amanda M. Perach (NSBN 12399)
    2300 W. Sahara Avenue, Suite 1200
    Las Vegas, NV 89102
    Telephone: 702.873.4100
    Facsimile: 702.873.9966
    kgallagher@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

*Attorneys for A. O. Smith Corporation*

BAUMAN LOEWE WITT & MAXWELL

By: /s/ Kenneth W. Maxwell
    Kenneth W. Maxwell
    3650 N. Rancho Drive, Suite 114
    Las Vegas, NV 89130
    kmaxwell@blwmlawfirm.com

*Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 20, 2016

356558

## APPENDIX "A"

## CONFIDENTIALITY AGREEMENT

I, _____, affirm that I have read the foregoing Stipulated Confidentiality and Protective Order concerning the Production and Use of Confidential Information Documents entered in *Property Casualty Insurance Company of Hartford v. A. O. Smith Corporation*, Case No. 2:15-cv-01678-JAD-CWH, currently pending before the United States District Court of Nevada, and I agree to be bound by its terms and conditions. I understand that, pursuant to the Stipulated Confidentiality and Protective Order, I may not and I undertake not to divulge any information or documents (or the contents thereof) designated "Confidential" except in accordance with the terms of the Stipulated Protective Order. I will not use such information or documents (or the information contained in them) for any purpose other than as permitted under the Stipulated Confidentiality and Protective Order.

I hereby affirm under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this\_\_\_ day of _____, 201\_\_\_.

_____
Signature

_____
Printed name